IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WHOOP WIRELESS LLC,

Plaintiff.

vs.

WILSON ELECTRONICS, LLC,

Defendant.

_______________________________________ /

# COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Whoop Wireless LLC ("Whoop"), by its undersigned counsel, files this Complaint for Declaratory Relief pursuant to 28 U.S.C. §2201 against Defendant, Wilson Electronics, LLC ("Wilson"), and states as follows:

## INTRODUCTION

1. This action arises from Wilson's March 15, 2016 letter, titled, "Notice of Incorrect Patent Assignment (the "Notice")," which was directed to Whoop and a Manager and Officer of Whoop. The Notice is attached hereto as Exhibit "A."

2. The Notice demands that Whoop execute a proposed Assignment, assigning United States Patent Application Serial Nos. 14/149,824, 14/149,830, and 14/149,832 (the "Patent Applications") to Wilson. (Ex. A., Assignment).

3. The proposed Assignment defines the "Assignor" to include Whoop and requires the signature of the President of Whoop, Richard Paul–Hus, to assign the Patent Applications to Wilson. (Ex. A, Assignment, p. 3).

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Whoop is a Florida limited liability company, with its principal place of business in Florida.

5. Upon information and belief, Defendant Wilson is organized in Utah and has its principal place of business in Utah.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this dispute arises under 35 U.S.C. § 261, which is the federal law governing the assignment of patents.

7. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists as the parties are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interests and costs.

8. Defendant Wilson is subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193(1) because this action arises from Wilson engaging in business in Florida. Further, Wilson has sufficient minimum contacts with the state of Florida.

9. Defendant Wilson is also subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193(2) because, upon information and belief, Wilson is engaged in substantial and not isolated activity within Florida.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Boca Raton, Florida.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Wilson is subject to the Court's personal jurisdiction with respect to this action.

## GENERAL ALLEGATIONS

12. Whoop provides a Distributed Antenna System ("DAS") to its customers that ensures mobile device access and seamless connectivity throughout its customers' buildings. Whoop configures and installs the DAS in commercial buildings that are as large as 500,000 square feet. The DAS ultimately improves cellular and internet access throughout the building and, *inter alia*, improves quality by minimizing dropped calls and dropped internet connections.

13. In contrast to Whoop, Wilson provides its customers with cell phone signal boosters for workspaces, homes and vehicles. These boosters only cover a range of up to 50,000 square feet.

14. Scott Terry is the Chief Technology Officer ("CTO") of Whoop.

15. Prior to March of 2009, Scott Terry founded Cogent Wireless Solutions, Inc. ("Cogent").

16. On or about March 31, 2009, Wireless Extenders, Inc. ("Wi-Ex") bought the assets of Cogent.

17. Wi-Ex was in the business of developing, manufacturing and selling products that improve the signal strength of wireless devices exclusively in the consumer market. Wi-Ex was not in the business of configuring and installing DAS in commercial buildings that are as large as 500,000 square feet.

18. On March 31, 2009, Scott Terry and Wi-Ex entered into an Executive Employment Agreement (the "Agreement"), in which Scott Terry, as a W2 executive employee of Wi-Ex, and during the term of the Agreement, purported to assign any inventions to Wi-Ex that were made while providing services to Wi-Ex or its affiliates, or with the use of the time, material or facilities of Wi-Ex, for a one-year initial term.

19. The Agreement never extended beyond the one-year initial term, or any one-year renewal term.

20. Shortly thereafter, on or about May 5, 2009, Wi-Ex informed Scott Terry that he would not be a full-time W2 employee, but instead would be a 1099 independent contractor.

21. Scott Terry's Agreement with Wi-Ex effectively was terminated when he became an independent contractor.

22. On or about January 2013, after the Agreement had terminated, Scott Terry applied for a provisional patent application (U.S. provisional application No. 61/749,922). The provisional application is incorporated by reference in the Patent Applications.

23. In early January of 2014, Scott Terry assigned the Patent Applications to Zone Access Technologies, Inc. ("Zone Access"). Scott Terry recorded the assignments relating to the Patent Applications with the United States Patent and Trademark Office ("USPTO") by January 9, 2014.

24. Before, during and after the provisional application process and the assignments of the Patent Applications, Wi-Ex claimed no rights to any products developed by Scott Terry relating to DAS.

25. On or about March 31, 2014, Wi-Ex was acquired by Wilson.

26. In February 2015, Zone Access was converted to Zone Access Technologies, LLC, and in April of 2015, Whoop and Zone Access Technologies, LLC merged. At that time, Whoop purchased, for valuable consideration, the Patent Applications that were assigned to Zone Access and recorded with the USPTO.

27. On or about March 15, 2016, Wilson demanded an assignment by Whoop and Scott Terry of the Patent Applications through its Notice.

28. All conditions precedent to the bringing of this action have been satisfied, performed or waived.

29. Whoop has retained the undersigned counsel and agreed to pay reasonable attorney's fees for prosecution of this action.

30. This is an exceptional case under 35 U.S.C. § 285.

**COUNT I: DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201**
**(Whoop Owns the Patent Rights as a Bona Fide Buyer)**

31. Whoop repeats and re-alleges the allegations in Paragraphs 1 through 30 as if set forth herein.

32. The Patent Applications were assigned by Scott Terry to Zone Access in early January of 2014 and were recorded with the USPTO on or before January 9, 2014.

33. Whoop paid valuable consideration to obtain the patent rights of Zone Access.

34. Wilson attempts, through its Notice, to assert its purported interest in the Patent Applications.

35. As such, a substantial controversy exists between Whoop and Wilson as to the ownership of the Patent Applications.

36. Immediate USPTO action is required to continue the prosecution of the Patent Applications.

37. Whoop and Wilson have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38. Any purported interest of Wilson is void as against Whoop, as it was not recorded in the USPTO prior to Whoop's acquisition of the interest in the Patent Applications.

39. Wherefore, Whoop respectfully requests this Court (a) enter a judgment declaring that Whoop is a bona fide buyer of the Patent Applications; (b) enter a judgment declaring that

Whoop owns the Patent Applications; (c) award costs to Whoop; and (d) award attorney's fees to Whoop pursuant to 35 U.S.C. § 285.

**COUNT II: DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201**
**(Whoop Owns the Patent Rights Because Scott Terry was an Independent Contractor)**

40. Whoop repeats and re-alleges the allegations in Paragraphs 1 through 30 as if set forth herein.

41. Scott Terry developed the inventions in the Patent Applications during the time he was an independent contractor on his own time without using resources provided by Wi-Ex.

42. Wilson attempts, through its Notice, to assert its purported interest in the Patent Applications.

43. As such, a substantial controversy exists between Whoop and Wilson as to the ownership of the Patent Applications.

44. Immediate USPTO action is required to continue the prosecution of the Patent Applications.

45. Whoop and Wilson have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46. Wherefore, Whoop respectfully requests this Court: (a) enter a judgment declaring that Scott Terry was an independent contractor of Wi-Ex, the inventions relating to the Patent Applications were not developed within Scott Terry's scope of employment, and the Patent Applications were not assigned to Wi-Ex; (b) enter a judgment declaring that Whoop owns the Patent Applications; (c) award costs to Whoop; and (d) award attorney's fees to Whoop pursuant to 35 U.S.C. § 285.

**COUNT III: DECLARATORY RELIEF**
**(Whoop Owns the Patent Rights Because the Agreement Terminated)**

47. Whoop repeats and re-alleges the allegations in Paragraphs 1 through 30 as if set forth herein.

48. Scott Terry was hired by Wi-Ex as a W2 employee in March 2009.

49. Just a few months later, Wi-Ex changed Scott Terry's employment status to an independent contractor relationship. As a result Wi-Ex and Scott Terry mutually agreed to effectively terminate the Agreement in 2009. To be sure, the Agreement never extended beyond the one-year initial term, or any one-year renewal term.

50. The inventions disclosed in the Patent Applications were developed after the Agreement terminated.

51. Wilson attempts, through its Notice, to assert its purported interest in the Patent Applications.

52. As such, a substantial controversy exists between Whoop and Wilson as to the ownership of the Patent Applications.

53. Immediate USPTO action is required to continue the prosecution of the Patent Applications.

54. Whoop and Wilson have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55. Wherefore, Whoop respectfully requests this Court: (a) enter a judgment declaring that the Agreement between Scott Terry and Wi-Ex terminated when Wi-Ex changed Scott Terry's employment status from employee to independent contractor of Wi-Ex and the inventions relating to the Patent Applications were not developed within the term of the

Agreement; (b) enter a judgment declaring that Whoop owns the Patent Applications; (c) award costs to Whoop; and (d) award attorney's fees to Whoop pursuant to 35 U.S.C. § 285.

GUNSTER, YOAKLEY & STEWART, P.A.
*Attorneys for Plaintiff Whoop Wireless LLC*
450 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: 954-462-2000
Facsimile: 954-523-1722

By: /s/ Michael W. Marcil
MICHAEL W. MARCIL, ESQ.
Florida Bar No. 0091723
mmarcil@gunster.com
DARLENE BARRON, ESQ.
Florida Bar No. 108873
dbarron@gunster.com